IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRADFORD SNEED, | ) | Case No. 1:16CV1875 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| v. | ) | |
| | ) | |
| WIRELESS PCS OHIO #1, LLC, *et al.,* | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

**I.    Introduction**

Plaintiff claims defendants employed him from May 1, 2015 through February 1, 2016 and didn't pay him the overtime required by the Fair Labor Standards Act ("FLSA").[1] Defendants filed a joint answer, and in a counterclaim[2] alleged that plaintiff didn't do the work for which he was paid and also stole credit card information from their customers and other items from their stores.  Defendants have not clearly identified the causes of action they are attempting to assert against plaintiff.[3]

Plaintiff moves to dismiss defendants' counterclaim under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Plaintiff

---

[1] ECF Doc. No. 1, Page ID# 1-11.
[2] ECF Doc. No. 7, Page ID# 50-58.

[3] In their joint brief in opposition, defendants state that "[a]mong the alleged theories of recovery are misappropriation, theft, conversion of business property, damage to reputation, breach of contract, breach of fiduciary duty, and certain intentional torts." ECF Doc. No. 16, Page ID# 96.

contends that the defendants' counterclaims are not compulsory because they arise out of a different occurrence, and that the court should not exercise supplemental jurisdiction over them.

Defendants argue in response that their counterclaim contains both compulsory and permissive claims. They assert that both parties' claims involve the same agreement. They request that the court deny plaintiff's motion to dismiss and retain jurisdiction over the permissive claims. The parties have consented to the jurisdiction of the magistrate judge under 28 U.S.C. §636(c).[4]

Defendants' counterclaims are not compulsory; they do not arise from the same transaction or occurrence that is the subject matter in plaintiff's claims. The court declines to exercise supplemental jurisdiction over defendants' counterclaims because they would predominate over plaintiff's claim for a violation of the FLSA and would change the entire nature of this lawsuit. Plaintiff's motion to dismiss for lack of jurisdiction will be GRANTED and defendants' counterclaims will be DISMISSED.

**II.     Standard of Review**

Plaintiff moves to dismiss the counterclaims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The court has federal subject matter jurisdiction over plaintiff's complaint under 28 U.S.C. § 1331 because it asserts a claim for violation of the FLSA, 29 U.S.C. § 201, *et seq.* The court must determine whether it also has jurisdiction over defendants' counterclaims.

The determination of whether the court should exercise supplemental jurisdiction is closely related to the analysis of whether defendants' counterclaims are compulsory or permissive. Fed. R. Civ. P. 13(a)(1)(A) makes the pursuit of a counterclaim compulsory when it

---

[4] ECF Doc. No. 14, Page ID# 89.

arises "out of the transaction or occurrence that is the subject matter of the opposing party's claim." Counterclaims that are not compulsory may be asserted permissively. Fed. R. Civ. P. 13(b). Similarly, 28 U.S.C. § 1367 grants supplemental jurisdiction to district courts over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Basically, the court must determine whether the counterclaims arise out of the same transaction or controversy asserted in plaintiff's original claims.

28 U.S.C. § 1367(c) guides the court in determining whether supplemental jurisdiction should be exercised. It provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The use of the word "may" indicates that the exercise of the court's discretion is involved.

### III. Parties' Arguments

Plaintiff argues that this is simply a case about whether he got paid what the Fair Labor Standards Act required for the work he did. He argues that whether he also stole things or breached a contract are different questions that are not related to his claims. In support, plaintiff relies on a similar case recently decided by this court involving an FLSA claim and

3

counterclaims for breach of contract, damaged property and criminal acts. *See Reed v. Pape Management, Inc.,* 2016 U.S. Dist. LEXIS 133345 (N.D. Ohio Sept. 28, 2016).

Defendants argue that the court should follow *Sanders v. First Nat'l Bank & Trust Co.,* 936 F.2d 273, 277 (6th Cir. 1991), and simply decide whether there is a "logical relationship" between the parties' claims. Defendants contend that there *is* a logical relationship between the claims in this case. Defendants' counterclaims allege two separate incidents that occurred when plaintiff was working for them. First, they claim that plaintiff stole customer credit card information while he was at work. They claim this was a breach of the employment agreement between the parties. Second, they assert that plaintiff broke into one of their stores after hours to steal other things. They admit any cause of action arising from this after-hours crime would not be a compulsory counterclaim. They request that the court exercise supplemental jurisdiction over this claim.

Defendants argue that their counterclaims are related to plaintiff's FLSA claim because the criminal conduct committed by plaintiff took place during his job and/or at his place of employment. They contend that plaintiff's claim and their counterclaims all involve the manner in which plaintiff performed his employment agreement with them.

In reply, plaintiff points out that he has not asserted a breach of contract claim. His claim simply involves the claimed violation of a federal statute. He argues that the parties' claims are based on completely different evidence and that defendants' counterclaims would predominate over his FLSA claim.

**IV.     Analysis**

*Reed v. Pape, supra,* the case cited by plaintiff, involved similar facts and is instructive in resolving the motion currently before the court.[5]  As in *Reed,* 2016 U.S. Dist. at *11, the parties' claims will involve different laws and evidence.  Plaintiff's claim will focus on how many hours he worked, how much he was paid, and whether he was considered an employee under the FLSA.  Defendants' counterclaims will involve questions of whether plaintiff engaged in criminal conduct and/or failed to perform the requirements of his oral employment agreement with defendants.  Defendants' claims do not arise from the same transaction or occurrence as the subject matter of plaintiff's claim.  Thus, as in *Reed,* the court finds that defendants' counterclaims are not compulsory.

This is not a case in which the court should exercise supplemental jurisdiction over defendants' counterclaims.  In *Reed,* the court determined that the counterclaims would predominate over the plaintiff's wage claim.  The court noted, "[a]lthough there appears to be no definitive test to determine whether state law predominates over federal claims, courts have considered such factors as whether they outnumber the federal law claims; whether the claims are distinct; and whether the state law claims involve proof that is not needed to establish the federal law claims." *Id.* citing *Williamson v. Recovery Ltd. P'ship,* 2009 U.S. Dist. LEXIS 23264, at *9 (S.D.Oh. March 11, 2009)  The court reasoned that defendants' claims involved

---

[5] Plaintiffs James Reed and Rayvaughn Mason were employed as manual laborers by defendants, property management companies and personnel, to perform upkeep on defendants' properties.  Plaintiffs each lived in a house owned by defendants. As part of their compensation plaintiffs paid rent at a reduced rate, which was deducted from their paychecks. After plaintiffs separated from their employment, they filed an action bringing claims under the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, and the Ohio Prompt Pay Act, alleging that defendants failed to properly pay them and retaliated against them when they complained that their wages had not been properly paid.  Defendants' answer included eight state law counterclaims alleging that plaintiffs: breached their tenancy agreement when, after their employment ended, they failed to return the houses to defendants in good condition and failed to pay rent; intentionally or negligently damaged the properties; and committed criminal acts against the properties and Defendant James Pape.

state law and would lead the court on a long and tortuous detour from the FLSA and Ohio wage law claim asserted by plaintiff.

Here, defendants' claims of misappropriation, theft, conversion of business property, damage to reputation, breach of contract, breach of fiduciary duty, and intentional tort claims arise under Ohio law not implicated in plaintiff's FLSA claim. And none of the evidence that would be needed to prove the counterclaims would be necessary to prove or defend the FLSA claim. Also, the claims and evidence involved in the counterclaims significantly outnumber what's involved in plaintiff's single FLSA claim. The counterclaims would change the nature of this lawsuit and would predominate over plaintiff's statutory wage claim. The court is also persuaded by plaintiff's argument that unrelated counterclaims in FLSA litigation should be disfavored because they could be viewed as retaliation for an employee bringing an FLSA claim against the employer.[6]

Defendants argue that the court should employ the logical relationship test discussed in *Sanders,* 936 F.2d at 277. In *Sanders,* the Sixth Circuit determined that defendant's counterclaims were barred because they were compulsory counterclaims in a prior state action. The court noted that the Sixth Circuit applies the "logical relationship" test for determining whether a claim arises out of the same transaction or occurrence. *Id*. "Under this test, we determine whether the issues of law and fact raised by the claims are largely the same and whether substantially the same evidence would support or refute both claims." *Id.,* citing *Moore v. New York Cotton Exchange*, 270 U.S. 593, 70 L. Ed. 750, 46 S. Ct. 367 (1926). In *Sanders*, the court determined that the defendant's counterclaims involved a written agreement that had

---

[6] The court is not unsympathetic to defendant's procedural plight. They want to use their counterclaims as a form of set-off. They think being required to pay a convicted criminal more money for the "work" he did would only add insult to injury. These are genuine concerns. Nothing stops defendants from suing plaintiff for damages in state court. A state court judgement could be used as a set off to any judgment plaintiff obtains in this case. But these practical concerns don't give rise to federal jurisdiction.

been the subject matter of a previous lawsuit. Therefore, it was logically related to the claims asserted in that prior lawsuit. In applying the logical relationship test to the claims at issue here, the court finds that the claims are not logically related to one another. They involve different issues of law and fact and different evidence would be required to prove them.

Because the court determines that defendants' counterclaims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1), it need not reach the second argument raised by plaintiff – that defendants' counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief may be granted.

## V. Conclusion

The court finds that defendants' counterclaims are not compulsory. Defendants' claims sound in criminal conduct and breach of contract. They do not arise out of the same transaction or occurrence as plaintiff's claim under the FLSA. The court also declines to exercise supplemental jurisdiction over these claims because they would predominate over plaintiff's claim and would involve different law and evidence. The court GRANTS plaintiff's motion to dismiss defendants' counterclaims for lack of jurisdiction. The remaining issues in the case shall be addressed at the case management conference scheduled for March 6, 2017 at 1:00 p.m.

Dated: March 6, 2017

Thomas M. Parker
United States Magistrate Judge